FILED

OCT 2 0 2021

Clerk of the Appellate Courts
Rec'd By _____

IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT NASHVILLE

July 15, 2021 Session

**BRIAN COBLENTZ v. STANLEY BLACK & DECKER, INC., ET AL.**

**Appeal from the Circuit Court of Lincoln County
No. 20-CV-15, M. Wyatt Burk, Judge**

---

**No. M2020-01622-SC-R3-WC – Mailed September 15, 2021**

---

This appeal arises from a motion filed by Brian Coblentz ("Employee") to compel Stanley Black & Decker, Inc. ("Employer") to provide medical treatment under the terms of a consent order previously entered by the trial court. Following a hearing, the trial court denied Employee's motion. Employee has appealed, and the appeal has been referred to the Special Workers' Compensation Appeals Panel for a hearing and a report of findings of fact and conclusions of law pursuant to Tennessee Supreme Court Rule 51. We affirm the judgment.

**Tenn. Code Ann. § 50-6-225(e) (2014) (applicable to injuries occurring prior to July 1, 2014) Appeal as of Right;
Decision of the Circuit Court Affirmed**

DON R. ASH, SR. J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and ROBERT E. LEE DAVIES, SR. J., joined.

William B. Hicky, Nashville, Tennessee, for the appellant, Brian Coblentz.

David C. Riley, Memphis, Tennessee, for the appellees, Stanley Black & Decker, Inc. and Hartford Insurance Company of the Midwest.

# OPINION

## Factual and Procedural Background

On August 29, 2012, Mr. Coblentz ("Employee") was involved in an accident in the course and scope of his employment, which resulted in injuries to his neck, face, and head. Employee was diagnosed with a deviated septum, vision problems, and headaches. On January 30, 2020, the trial court entered a "Consent Order Approving Workers' Compensation Lump Sum Settlement," under which Mr. Coblentz received a lump sum award of $105,127.02 for permanent partial disability benefits, and Employer agreed to pay for reasonable and necessary authorized future medical expenses which are directly related to the injury.

Dr. Dinesh Raju treated Mr. Coblentz for persistent headaches attributed to his traumatic head injury and post-concussion syndrome. On February 20, 2020, Dr. Raju requested prior authorization to use Botox to treat Employee's chronic migraines. In his request, Dr. Raju explained:

> Mr. Coblentz has tried amitripyltine and venlaflaxine; these medications were stopped because of prohibitive side effects of worsening mood. Topiramate and propranolol were used but stopped because of inadequate benefit. Mr. Coblentz was also treated with sphenopalantine ganglion block and IV magnesium; this treatment was also ineffective. Patient has undergone 11 rounds of Botox for migraine prevention, and taking Maxalt, aspirin, metoclopramide and Benadryl. He reported subjective benefit with the current medications. Prior to using Botox, he was having 18 out of 30 headache days per month. Botox had reduced headache frequency by more than one third. Mr. Coblentz will require future treatment for his injury from the head trauma caused by the steel barn door track striking his head. The medication required is Botox 200 units administer over the head and neck every 84 days. Mr. Coblentz feels that Botox injections controlled his headaches better than any other medications. He would like to restart at this time.

Pursuant to Tennessee Code Annotated sections 50-6-102(17) and 50-6-124, Employer referred to Dr. Raju's request for Employee's Botox treatment to its utilization review organization to evaluate whether the recommended treatment was medically necessary or appropriate. On February 21, 2020, Dr. Raju was informed his request for medical treatment had been referred for utilization review. On February 26, 2020, Dr.

2

Paul Lafavore, who is board certified in anesthesiology and pain management, issued a peer review report, concluding the requested Botox injections were not medically necessary. He explained:

> Per Official Disability Guidelines, "Based on inconsistent results from four studies, there is insufficient evidence to support or refute a benefit of [Botox] for the treatment of chronic daily headache." In this case, the Botox is indicated for the prophylaxis of headaches in adult patients with chronic migraine (15 days per month with headache lasting 4 hours a day or longer). However, the official disability guidelines do not support the use of Botox injection for the treatment of post-concussion headache. Therefore, the request is not medically necessary and is not certified.

As a result of the utilization review process, on February 26, 2020, Dr. Raju's request for Botox treatment was denied. Mr. Coblentz then filed a utilization review appeal with the Tennessee Bureau of Workers' Compensation Medical Director, and his counsel provided the Medical Director with a detailed explanation of why Mr. Coblentz believed the requested Botox injections were necessary. The Medical Director upheld the denial, stating:

> The physician is in agreement with the denial completed by Sedgwick on 02-26-2020 regarding Botox 200 units Over Head and Neck every 84 days. The medical records do not support the requested treatment. There is no articulated rationale for an exception to the state of TN adopted evidence-based guidelines. It is not logical to start a new medication for prevention (Emgality) and a new medication for treatment (Ubrelvy) at the same time as requesting Botox (or Xeomin) for prevention. Assessing the impact of the 2 new medications should occur before requesting another medication.

Mr. Coblentz then filed a Request for Benefit Review Conference, which resulted in an impasse. On July 23, 2020, under the consent order, he filed a "Motion to Compel Medical Treatment and for Sanctions." A hearing was held on October 12, 2020, after which the trial court denied Employee's motion.

**Standard of Review**

Findings of facts are reviewed "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the

3

preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-225(e)(2) (2014) (applicable to injuries occurring prior to July 1, 2014). Findings based upon documentary evidence are afforded no deference. *Glisson v. Mohon Int'l, Inc./Campbell Ray,* 185 S.W.3d 348, 353 (Tenn. 2006). Similarly, conclusions of law are reviewed de novo on the record with no presumption of correctness. *Seiber v. Reeves Logging,* 284 S.W.3d 294, 298 (Tenn. 2009).

## Analysis

Mr. Coblentz has raised eight issues and his Employer has raised four issues, which we restate as follows:
1. Whether this Panel has subject matter jurisdiction over the appeal?
2. Whether Employee has waived all issues on appeal by failing to comply with the Tennessee Rules of Appellate Procedure?
3. Whether Employer timely complied with the utilization review requirements?
4. Whether the trial court erred in denying Employee's motion to compel medical treatment?

### *Subject Matter Jurisdiction*

Employer contends this appeal should be dismissed because the trial court did not certify the order denying Mr. Coblentz's motion as final under Tennessee Rule of Civil Procedure 54.02. However, Rule 54.02 is applicable to orders which resolve fewer than all of the claims. *Discover Bank v. Morgan,* 363 S.W.3d 479, 488 (Tenn. 2012). Here, the trial court previously entered a consent order resolving all of Mr. Coblentz's claims for workers' compensation benefits. He subsequently filed a motion to compel medical treatment under the consent order, and the trial court denied the motion. There are no other unresolved issues or claims before the trial court and thus, it did not need to certify its order denying Mr. Coblentz's motion. Indeed, our appellate courts routinely hear appeals of motions to compel medical treatment. *See, e.g., Fitzgerald v. BTR Sealing Syst. N. Am. – Tennessee Operations,* 205 S.W.3d 400 (Tenn. 2006) (appeal arising from employee's motion to compel medical treatment following settlement of a workers' compensation claim); *Shelton v. Joseph Constr. Co.,* No. M2014–01743–SC–R3–WC, 2015 WL 3509283 (Tenn. Workers' Comp. Panel June 3, 2015) (same); *Kennedy v. Lakeway Auto Sales, Inc.,* No. E2010-02422-WC-R3-WC, 2011 WL 10857724 (Tenn. Workers' Comp. Panel Aug. 30, 2011) (same). Thus, we conclude we have subject matter jurisdiction over this appeal.

4

## *Compliance with the Tennessee Rules of Appellate Procedure*

Employer also contends Mr. Coblentz has waived all issues on appeal by failing to comply with Tennessee Rule of Appellate Procedure 27, which requires the statement of facts and arguments in a brief be supported with appropriate references to the record. Tenn. R. App. P. 27(a)(6). Indeed, Employee's brief does not contain any citations to the record. However, while a party's failure to comply with Rule 27 can be deemed a waiver of the party's issues on appeal, *see Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012), our appellate courts may exercise their discretion under Tennessee Rule of Appellate Procedure 2 to suspend or relax the procedural rules in a given case for good cause, *Paehler v. Union Planters Nat. Bank*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997). Here, the basic facts underlying the trial court's decision are easily ascertainable from the record in this case. Thus, we exercise our discretion to consider the issues raised by Mr. Coblentz on appeal.

## *Timeliness of Utilization Review*

Mr. Coblentz asserts his Employer did not timely comply with the requirements for a utilization review. However, he appears to have abandoned this argument at the hearing before the trial court, where counsel stated "I know that I brought up the timeliness of it. I'm not going to really go down that road." Regardless, the record demonstrates Employer complied with the applicable requirements. Specifically, Tennessee Code requires an employer to submit a case to its utilization review organization within three business days of receiving the authorized treating physician's notification of recommended treatment, and requires the utilization review organization to communicate the determination to the physician, employee, and employer within seven days of receipt of the case from the employer. Tenn. Comp. R. & Regs. 0800-02-06-.06. Here, the record shows Dr. Raju transmitted his request to Employer on February 20, 2020, Employer submitted the request for utilization review on February 21, 2020, and the denial was made on February 26, 2020. Therefore, Employer and the Medical Director timely complied with the procedural requirements for a utilization review.

## *Motion to Compel Medical Treatment*

The remaining issues raised by the parties relate to the substance of the trial court's denial of Employee's motion to compel medical treatment. As the trial court explained, there is a rebuttable presumption medical treatment requested by an authorized treating physician is medically necessary and reasonable. *See Russell v. Genesco,*

*Inc.*, 651 S.W.2d 206, 211 (Tenn. 1983). However, employers may use the statutory utilization review process to evaluate whether a physician's recommended treatment is necessary, appropriate, and efficient. Tenn. Code Ann. §§ 50-6-102(17), 50-6-124 (2014) (applicable to injuries occurring prior to July 1, 2014); *Kilgore v. NHC Healthcare*, 134 S.W.3d 153, 157 (Tenn. 2004) ("utilization review provides a mechanism for employers to review and evaluate the cost, reasonableness, and necessity of medical services provided to employees in workers' compensation cases").

Here, the trial court found, through the utilization review process, Employer rebutted the presumption that the requested treatment was reasonable and necessary. The trial court found "Dr. Lafavore reviewed all available medical documentation and concluded the requested Botox injections were not medically necessary, particularly in light of the concurrent use of other medications for the same prevention." The trial court also found Employer appropriately relied on the Medical Director's decision, which provided specific reasons for upholding the denial of the requested injections. The trial court also observed Mr. Coblentz did not present any additional factual or medical proof in support of his motion to compel medical treatment beyond the proof which was considered by the Medical Director. The trial court acknowledged Employee's argument stating he met certain thresholds under the Official Disability Guidelines for the requested treatment, but found there had been no proof presented as to the applicability of those guidelines. The trial court noted Mr. Coblentz's counsel presented lengthy correspondence to the Medical Director addressing the application of the guidelines and the specific treatment at issue. The trial court emphasized the Medical Director's reasoning, stating "[i]t is not logical to start a new medication for prevention (Emgality) and a new medication for treatment (Ubrelvy) at the same time as requesting Botox (or Xeomin) for prevention. Assessing the impact of the 2 new medications should occur before requesting another medication." The trial court found Mr. Coblentz had not addressed this reason for denial in his motion to compel treatment, and it was unclear to the trial court whether the efficacy of those two new medications had been assessed. Thus, the trial court concluded Employer successfully rebutted the presumption that the requested treatment was medically necessary.

In Mr. Coblentz's brief on appeal, he emphasizes the frequency and severity of his headaches and the effectiveness of Botox in treating his symptoms. However, he does not address the reasoning of the Medical Director, who stated the impact of the two new medications (Emgality and Ubrelvy) should be assessed before requesting Botox. Employee simply has not addressed the reasoning of the Medical Director in rejecting the requested treatment, on which the trial court relied in denying the motion to compel treatment. Thus, we find the trial court did not err in denying Mr. Coblentz's motion to

6

compel medical treatment.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed. Costs on appeal are taxed against Plaintiff-Appellant Brian Coblentz, for which execution may issue if necessary.

                                        _____

HON. DON R. ASH,
SR. JUDGE

FILED

OCT 2 0 2021

Clerk of the Appellate Courts
Rec'd By

IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT NASHVILLE

## BRIAN COBLENTZ v. STANLEY BLACK & DECKER, INC., ET AL.

**Circuit Court for Lincoln County**
**No. 20-CV-15**

---

**No. M2020-01622-SC-R3-WC**

---

### JUDGMENT ORDER

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference.

Whereupon, it appears to the Court that the Memorandum Opinion of the Panel should be accepted and approved; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

Costs are assessed to Plaintiff-Appellant Brian Coblentz, for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM